UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LISA MASON                                                         CIVIL ACTION

VERSUS                                                             21-cv-566-SDD-EWD

FORD MOTOR COMPANY, ET AL

## RULING

Before the Court is a *Motion for Summary Judgment*[1] filed by Defendants REV Recreation Group, Inc. ("REV") and Dixie Motors, LLC d/b/a Great American RV Superstores ("GARV") (collectively, "Defendants"). Plaintiff, Lisa Mason ("Mason") filed an *Opposition*,[2] and the Defendants filed a *Reply*.[3] For the following reasons, the *Motion*[4] shall be DENIED.

**I.    BACKGROUND**

This lawsuit arises out of Mason's purchase of an allegedly defective motor coach. Mason filed this action against REV, GARV, and Ford Motor Company, claiming the Defendants were liable for alleged redhibitory defects and failure to repair a 2021 Fleetwood Bounder 36F motor coach ("RV") she purchased. Mason asserted claims against REV as the manufacturer of the "house" component of the RV and GARV as the retail seller and servicer of the RV.

The RV was purchased from GARV in Hammond, LA on March 8, 2021.[5] Thereafter, Mason claims that she began experiencing problems with the RV and

---

[1] Rec. Doc. 29.
[2] Rec. Doc. 36.
[3] Rec. Doc. 40.
[4] Rec. Doc. 29.
[5] Rec. Doc. 36-1, p. 1.

contacted GARV for a service appointment on June 7, 2021.[6] Defendants claim that Mason was advised that only an "express" appointment could be scheduled for June 17, 2021.[7] Mason denies being told that an "express" appointment would be scheduled.[8]

After inspecting the RV on June 17, 2021, GARV claims it made some minor repairs and advised Mason that it would need to order and obtain parts to repair some additional issues with the RV.[9] Defendants claim that Mason was advised that in order to complete all of the requested repairs, she would either need to: 1) schedule a regular repair appointment with GARV; 2) be prepared to leave the RV at GARV for additional parts to be obtained and repairs completed; or 3) be prepared to bring the RV back to GARV once the parts were obtained.[10] However, Mason claims that no repairs were made and she was told that GARV would be unable to complete certain repairs.[11]

Finally, Defendants claim that Mason left before additional repairs could be completed and advised that she would schedule an appointment with REV to have the RV repaired at its Indiana facility, which is closer to Mason's home.[12] Mason denies telling anyone at GARV that she would schedule an appointment with REV upon leaving GARV's facilities.[13] While Defendants claim Mason scheduled a follow-up appointment with REV in Indiana for September 2021 yet failed to show, Mason denies scheduling such an appointment.[14] She further claims the RV's current condition "renders it absolutely useless for its intended purpose and makes its use so inconvenient neither Plaintiff, nor

---

[6] Rec. Doc. 36-1, p. 3.
[7] Rec. Doc. 29-2, p. 1.
[8] Rec. Doc. 36-1, p. 3.
[9] Rec. Doc. 29-2, p. 2.
[10] Rec. Doc. 29-2, p. 1.
[11] Rec. Doc. 36-1, p. 4.
[12] Rec. Doc. 29-2, p. 2.
[13] Rec. Doc. 36-1, p. 5.
[14] Rec. Doc. 36-1, p. 5-6.

any reasonable consumer, would have purchased it had the problems been known before sale."[15]

On September 30, 2021, Mason filed this lawsuit in the 19th Judicial District Court for the Parish of East Baton Rouge seeking a recission of the sale for alleged defects in the RV and the alleged failure to repair it by the Defendants. The matter was removed to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. GARV and REV now move for summary dismissal of Mason's claims, arguing that she did not allow the Defendants a reasonable opportunity to repair the RV and is therefore precluded from proving an essential element of her claim.

## II.    LAW & ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[17] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[18] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence

---

[15] Rec. Doc. 36-1, p. 5.
[16] Fed. R. Civ. P. 56(a).
[17] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[18] *Guerin v. Pointe Coupee Par. Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. Jan. 10, 2003) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986)).

of a genuine issue concerning every essential component of its case.'"[19] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[20]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[21] All reasonable factual inferences are drawn in favor of the nonmoving party.[22] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[23] "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without "any significant probative evidence tending to support the complaint."'"[24]

## B. <u>Redhibition</u>

Under Louisiana law, a buyer has a warranty "against redhibitory defects, or vices, in the thing sold. A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect."[25] Such a defect may give a buyer the right to obtain rescission

---

[19] *Rivera v. Houston Indep. Sch. Dist.,* 349 F.3d 244, 247 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[20] *Willis v. Roche Biomedical Labs., Inc.,* 61 F.3d 313, 315 (5th Cir. 1995) (quoting *Little*, 37 F.3d at 1075).
[21] *Pylant v. Hartford Life and Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[22] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[23] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[24] *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[25] La. Civ. Code art. 2520.

of the sale, or, if the buyer would have still bought the product but for a lesser price, a reduction of the purchase price.[26] To succeed on a rehibition claim, a plaintiff must prove: "(1) the thing sold is absolutely useless for its intended purposes or that its use is so inconvenient that it must be supposed that he would not have bought it had he known of the defect; (2) that the defect existed at the time he purchased the thing, but was neither known or apparent to him; (3) that the seller was given the opportunity to repair the defect."[27]

"The degree of the seller's liability varies according to whether the seller knew of the defect. If he did not know of the defect, the seller must have an opportunity to cure the defect, either through repair or replacement."[28] "The buyer must give the seller notice of the existence of a redhibitory defect in the thing sold" in sufficient time "as to allow the seller the opportunity to make the required repairs."[29] "Such notice is not required when the seller has actual knowledge of the existence of a redhibitory defect in the thing sold."[30] A seller that is also the manufacturer "is deemed to know that the thing he sells has a redhibitory defect."[31]

Defendants claim that summary judgment is warranted because Mason failed to provide REV or GARV an opportunity to repair the RV before filing suit—an "essential

---

[26] *Id.*
[27] *Alston v. Fleetwood Motor Homes of Indiana Inc.*, 480 F.3d 695, 699 (5th Cir.2007).
[28] *Morgan v. Ford Motor Co.*, CV 21-2408, 2023 WL 4132996, at *3 (E.D. La. June 22, 2023) (quoting *Chevron USA, Inc. v. Aker Mar., Inc.*, 604 F.3d 888, 899 (5th Cir. 2010) (citing La. Civ. Code arts. 2522 & 2531)).
[29] La. Civ. Code art. 2522.
[30] La. Civ. Code art. 2522. "A seller who knows that the thing he sells has a defect but omits to declare it ... is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees." La. Civ. Code art. 2545.
[31] *Morgan v. Ford Motor Co.*, CV 21-2408, 2023 WL 4132996, at *3 (citing La. Civ. Code art. 2545).

element of the cause of action."[32] However, the evidence before the Court shows there is a genuine dispute of material fact on this point. Defendants claim they were capable of fully executing the repairs needed on the RV, but their opportunity to do so was dashed because not every repair could be completed at Mason's "express" appointment on June 17, 2021. They further claim she failed to show for her follow up appointment in September 2021.[33] In contrast, Mason claims there was no indication that the June 17, 2021 appointment was an "express" appointment, and although the Defendants were given an opportunity to make the repairs on this date, she was told that Defendants were incapable of repairing every issue with the RV.[34]

Whether the buyer gave the seller notice and an opportunity to repair the defects is a question for the fact finder.[35] The dispute among the contested facts here will be appropriately decided by the jury at trial, and summary judgment is improper. Accordingly, Defendants' *Motion* shall be denied.

### III. CONCLUSION

For the reasons set forth above, the *Motion for Summary Judgment*[36] filed by Defendants REV Recreation Group, Inc. and Dixie Motors, LLC d/b/a Great American RV Superstores is hereby DENIED.

---

[32] *Guillory v. Pellerin*, 2:07-CV-1683, 2009 WL 690543, at *3 (W.D. La. Mar. 6, 2009).
[33] Defendants also make the blanket assertion that GARV is absolved from liability because it did not provide a warranty for the RV. However, this argument lacks the requisite support necessary for the Court's consideration.
[34] Rec. Doc. 36, p. 4-5.
[35] *Hearod v. Select Motor Co., Inc.*, 2007-1502, p. 5 (La. App. 3 Cir. 4/2/08), 980 So.2d 830, 834 (citing *Arnold v. Wray Ford, Inc.*, 606 So.2d 549, 552 (La. App. 2 Cir.1992)).
[36] Rec. Doc. 29.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 31st day of August, 2023.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**